AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Texas | |
|---|---|---|
| Name (under which you were convicted): Jacky Scott Garrett | | Docket or Case No.: |
| Place of Confinement: Bill Clements Unit, Texas Department of Criminal Justice | Prisoner No.: 01945349 | |
| Petitioner (include the name under which you were convicted) Jacky Scott Garrett | v. | Respondent (authorized person having custody of petitioner) Lorie Davis, Director, Correctional Institutions Division, Texas Department of Criminal Justice |
| The Attorney General of the State of: Texas | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   366th Judicial District Court of Collin County, Texas

   (b) Criminal docket or case number (if you know): No. 366-81797-2012

2. (a) Date of the judgment of conviction (if you know): 07/10/2014

   (b) Date of sentencing: 07/10/2014

3. Length of sentence: Life imprisonment

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Capital murder

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty          ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty              ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Texas's Fifth Court of Appeals

(b) Docket or case number (if you know): 05-14-00999-CR

(c) Result: Affirmed

(d) Date of result (if you know): 03/15/2016

(e) Citation to the case (if you know): 2016 WL 1020828

(f) Grounds raised: (1) the trial court erred in charging the jury on manner and means unsupported by evidence; and (2) the trial court abused its discretion in finding that appellant's counsel opened the door to certain evidence.

(g) Did you seek further review by a higher state court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

AO 241 (Rev. 09/17)

   (4) Date of result (if you know): _____

   (5) Citation to the case (if you know): _____

   (6) Grounds raised: _____

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court: 366th District Court of Collin County and Texas Court of Criminal Appeals

   (2) Docket or case number (if you know): W366-81797-2012-HC and WR-87,666-01

   (3) Date of filing (if you know): 02/16/2017

   (4) Nature of the proceeding: Application for a writ of habeas corpus

   (5) Grounds raised: Trial counsel was ineffective in opening the door to evidence that the complainant's twin sister suffered similar injuries to the complainant's.

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☑ Yes ☐ No

   (7) Result: Application denied

AO 241 (Rev. 09/17)

    (8) Date of result (if you know):  01/24/2018

  (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

  (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes   ☑ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Cannot appeal denial of application for writ of habeas corpus in Texas courts. Trial court makes recommendation on application and then forwards to Court of Criminal Appeals for final decision.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Trial counsel was ineffective in opening the door to evidence that the complainant's twin suffered injuries similar to the complainant's.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At a pre-trial hearing, the trial court ordered inadmissible any evidence of the complainant's twin's injuries. During cross-examination of a State's witness, however, Garrett's trial counsel then opened the door to the evidence. Counsel made clear that this was inadvertant.

Because of counsel's mistake, the State presented a great deal of evidence of the complainant's twin's injuries and then emphasized them in closing argument as proof that Garrett was guilty of capital murder.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Cannot raise ineffective assistance of counsel on direct appeal in Texas.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for a writ of habeas corpus.

Name and location of the court where the motion or petition was filed: 366th District Court of Collin County and Texas Court of Criminal Appeals

Docket or case number (if you know): W366-81797-2012-HC and WR-87,666-01

Date of the court's decision: 01/24/2018

Result (attach a copy of the court's opinion or order, if available): Application denied

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Cannot appeal denial of application for writ of habeas corpus in Texas courts. Trial court makes recommendation on application and then forwards to Court of Criminal Appeals for final decision.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❏ Yes | ❏ No |
| (4) Did you appeal from the denial of your motion or petition? | ❏ Yes | ❏ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❏ Yes | ❏ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No
   
   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
   
   No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No
   
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No
   
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: William Schultz, 2101 Brugge Court, Plano, Texas, 75025, and David Haynes, 2600 W. Eldorado Parkway, Suite 220, McKinney, Texas, 75070

(b) At arraignment and plea: William Schultz and David Haynes

(c) At trial: William Schultz and David Haynes

(d) At sentencing: William Schultz and David Haynes

(e) On appeal: Robert Udashen and Brett Ordiway, 2311 Cedar Springs Road, Suite 250, Dallas, Texas, 75201

(f) In any post-conviction proceeding: Robert Udashen and Brett Ordiway

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Texas's Fifth Court of Appeals filed its opinion affirming the district court's judgment on March 15, 2016. Garrett did not file a petition for discretionary review, so his conviction became final 30 days later, April 15, 2016. 307 days passed before Garrett filed his state application for a writ of habeas corpus on February 16, 2017. The statute of limitations then tolled until January 24, 2018, when the Court of Criminal Appeals denied the application, giving Garrett 58 days, or until March 23, 2018, to file in this

AO 241 (Rev. 09/17)

Court a petition for relief.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: <u>grant this petition and vacate his conviction.</u>

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    2-27-18    (month, date, year).

Executed (signed) on    2-27-18    (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.